## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VERNON EARL COLEMAN,

     Plaintiff,

     v.                                 No. CIV 15-CV-00959-JCH-WPL

WILLIAM P. JOHNSON, *United States
District Court District of New Mexico*,
JACOB WISHARD, *U.S. Attorney*,
MICHAEL D. NAMMAR, DENNIS J.
CANDELARIA, CESAR PIERCE-VARELA,
MARCIA J. MILNER, JERRY SMITH, *Agent*,
MICHAEL RICHARDS, *Agent*, FNU
MONTOYA, *Special Agent*, THOMAS MORA,
*New Mexico State Police Sergeant of Investigation
Bureau*, CHAD BORN, *State Police Investigation
Bureau*, CHIRSTOPHER ALVAREZ, *Officer at
Point of Entry*, DAVE GOMEZ, *Inspector*,
CHARLES MADRID, *Officer*, FNU BARRERA,
*Sergeant*, FNU LASITER, *Patrolman*, FNU
TARANGO, *Patrolman*,

     Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

     This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6)

of the Federal Rules of Civil Procedure, on Plaintiff's Complaint for Violation of Civil Rights

Under 42 U.S.C. § 1983 [Doc. 1].   Plaintiff is incarcerated, appears pro se, and is proceeding in

forma pauperis.   For the reasons set out below, Plaintiff's civil rights complaint will be dismissed

for failure to state a claim on which relief may be granted and as frivolous and malicious under §

1915(e)(2)(B).

     The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§ 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint arises out of his criminal conviction in *United States v. Coleman*, 10-CR-02603-WJ, in which Plaintiff pleaded guilty to possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(b)(1)(B).   *See United States v. Coleman*, 10-CR-02603-WJ, Doc. 76 (D.N.M. August 12, 2011).   Plaintiff alleges that his guilty plea was "unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequence of the plea."   [Doc. 1 at 7]   Plaintiff seeks "35 million dollars in damages."   [Doc. 1 at 4]

Plaintiff's complaint largely is duplicative of the civil rights complaint filed in *Coleman v. United States District Court, et al.*, 15-CV-01173-JCH-KBM, which also sought monetary damages against the same defendants on the basis of Defendant's criminal conviction in *United States v. Coleman*, 10-CR-02603-WJ.   For the same reasons explained in the Court's Memorandum Opinion and Order of Dismissal in that case, Plaintiff's complaint will be dismissed.   *See Coleman v. United States District Court, et al.*, 15-CV-01173-JCH-KBM, Doc.

2

10 (D.N.M. March 15, 2016).

Plaintiff's claims against the federal defendants (i.e. United States District Court Judge William P. Johnson, United States Attorney Jacob Wishard, and United States Attorney Michael D. Nammar) are not cognizable under § 1983, because the complaint fails to allege that these defendants, at any time, acted under color of state law.   *See Browns v. Mitchell*, 409 F.2d 593, 595 (10th Cir. 1969) (noting that "42 U.S.C. § 1983, is concerned only with state action and does not concern itself with federal action").   Regardless, Plaintiff's claims against the federal defendants are barred by the doctrine of absolute immunity, because these claims arise out of the exercise of the federal defendants' official functions.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors are absolutely immune from damages for their advocacy and activities "intimately associate with the judicial phase of the criminal process"); *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (noting that "absolute immunity is necessary so that judges can perform their functions without harassment or intimidation").

Plaintiff's § 1983 claims against the remaining defendants are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), in which the Supreme Court held that when a "prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."   Plaintiff's conviction in *United States v. Coleman*, 10-CR-02603-WJ has been affirmed by the Tenth Circuit Court of Appeals on direct appeal and on collateral review.  *See United States v. Coleman*, 10-CR-02603-WJ, Docs. 91, 111, 122. Because Plaintiff cannot demonstrate that his conviction or sentence in *United States v. Coleman*, 10-CR-02603-WJ has been invalidated, his § 1983 claims for damages arising out of his criminal

conviction in that case must be dismissed.

The Court will dismiss Plaintiff's complaint without leave to amend because the Court determines that amendment of the Complaint would be futile.  *See Hall v. Bellmon*, 935 F.2d at 1109.  Furthermore, because Plaintiff has filed two civil rights actions seeking monetary damages for a criminal conviction that has been affirmed on direct appeal and on collateral review, *see Coleman v. United States District Court et al.,* 15-CV-1173-JCH-KBM, the Court finds that Plaintiff's § 1983 claims are frivolous and malicious under 28 U.S.C. § 1915(e)(2).   A complaint plainly abusive of the judicial process is properly typed frivolous and malicious within the context of § 1915(e)(2)(B).  *See Duhart v. Carlson*, 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman*, 997 F.2d 726, 728-29 (10th Cir. 1993).

In light of the foregoing, the Court will impose a strike against Plaintiff under the "three strikes" provision of the Prisoner Litigation Reform Act (PLRA).  *See* 28 U.S.C. § 1915(g); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) ("Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting § 1915(g)).   This is Plaintiff's second strike under the PLRA.  *See Coleman v. United States District Court et al.,* 15-CV-1173-JCH-KBM, Doc. 10 (D.N.M. March 15, 2016) (imposing the first strike).   The Court reminds Plaintiff that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury.   § 1915(g).

IT IS THEREFORE ORDERED that Plaintiff's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 [Doc. 1] is DISMISSED for failure to state a claim on which relief may be

granted and as frivolous and malicious under § 1915(e)(2)(B); the Court imposes a STRIKE against Plaintiff under the PLRA, § 1915(g); and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE